Blesch vs. The Chicago & Northwestern Railway Company.

---

BLESCH vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

RAILROADS: ACTION: DAMAGES. *(1) When entry of railroad company on lands a trespass. (2-4) Measure of damages.*

1. Where a railway company, without the consent of the owner, and without having acquired a right to the land in the manner provided by statute, takes possession of land for which it is liable to make compensation (in this case land forming part of a public street, but the fee of which was in the plaintiff), it is liable *in an action of trespass;* and the neglect of the owner to proceed by injunction to restrain the company from constructing its road on such land, is not a waiver of his right of action for the trespass. *Sherman v. The M., L. S. & W. Railway Co.,* 40 Wis., 645, and earlier cases in this court.

2. In an action for such a trespass, it was error to give instructions implying that plaintiff was entitled to recover the difference between the value of the use of the premises with the railroad constructed and used as it was, with all its inconveniences, and the value of such use as it would have been *with the railroad where it was, but without such inconveniences.*

3. The damages recoverable in this case could not exceed the difference between what would have been the rental value of the premises (during the continuance of the trespass, down to the commencement of the action), in case there had been no railroad on the street, and its actual rental value with the railroad constructed and operated as it was.

4. The fact that only a part of the width of defendant's track was upon plaintiff's land will not affect the rule of damages.

APPEAL from the Circuit Court for *Brown* County.

Plaintiff is the owner of certain lots in the city of Fort Howard, on which are located his dwelling and brewery, and whose easterly front is upon Pearl street. In November, 1862, defendant built a railroad track along Pearl street; and opposite plaintiff's close, without his consent, it so located its track that a part thereof, six inches in breadth, is west of the middle of the street, and so upon land the fee of which is in the plaintiff; and from that time down to the commencement of this action in September, 1874, it had continuously run its locomotives and cars over said track; and no proceedings had been had at any time to condemn the land. This action was for damages for the trespass.

Defendant objected to the introduction of any evidence under the complaint, on the ground that since the enactment of ch. 175, Laws of 1861, the statutory remedy by appraisal and condemnation of the land was exclusive; but the objection was overruled.

The evidence for plaintiff tended to show that defendant's track was laid in great part above the ground, and was imperfectly ballasted, in consequence of which great difficulty was experienced in crossing with teams; that that portion directly in front of plaintiff's premises was used considerably in switching, and that frequently trains were left standing there, or were in constant motion back and forth, for such periods of time as to seriously impede travel over and along the street; that plaintiff's brewery was accessible only from Pearl street; and that the use of that street by defendant had caused a diversion of travel and trade to other quarters of the city, to plaintiff's damage, beside causing him much inconvenience and increased expense in carrying on his business. There was also considerable other evidence introduced by the plaintiff as bearing upon the amount of damages, much of which was received.

The judge instructed the jury that there were three grounds on which damages might be assessed in plaintiff's favor: First, defendant's trespass in its actual entry upon and physical occupation of the six-inch-wide strip of his land, and the direct consequences thereof to the remainder of his premises; second, the injuries resulting from the existence and use of the railroad in front of said premises, considered as a *nuisance;* and third, the injury to plaintiff's *property right in the street,* hereafter defined. He then charged, in substance, 1. That in determining the damages under the *first* head, the jury might consider the difference in annual value to the plaintiff, from the construction of the road to the commencement of the action, of said six-inch-wide strip (subject to the public easement for an ordinary street), as it was with the railroad in operation upon it, and as it would have been had not the railroad been constructed upon it; and also the difference between the annual value to the plaintiff, during the same period, of the remainder of his premises with the railroad passing over said strip, and what such value would have been if the road had not passed over said premises; that, in determining this difference, they might consider the manner in which the road was constructed in front of plaintiff's premises, the manner in which, and the extent to which, it was used or occupied by defendant's cars or locomotives, the situation of said premises in reference to that portion of the road, and the effect which defendant's occupation and use of that portion of its road had upon plaintiff's reasonable use and enjoyment of his premises and the improvements thereon during that period, including any inconvenience and any danger to person and property in going to and from the premises, and including also the danger to plaintiff's property from fire from locomotives, and the liability of horses to be frightened by passing cars or locomotives — though the latter were to be considered only for the purpose of determining the credibility of the opinions of witnesses as to depreciation in annual value of the premises, and

not as grounds of distinct damages. 2. That if, in operating its road in front of plaintiff's premises, defendant, by the running of its cars and locomotives, created noise and smoke so as to materially impair the use and enjoyment of said premises, they might award damages which would compensate plaintiff for such injury during the time above mentioned; and such damages were to be included in their estimate of the depreciation in the annual value of the premises. 3. That plaintiff, at the time of the construction of the road, had a private right of free access to and egress from his premises over and along Pearl street in front of his lots, as said street was originally appropriated and used by the public, and if the construction and operation of defendant's road in front of plaintiff's premises changed such use so as to materially impair said right, plaintiff was entitled to damages which would compensate him for the injury from that cause suffered during the period above described; and that the jury must determine the diminution in annual value of the premises from that cause, and in so doing might consider the purpose for which the premises were used; but that they were to consider the business transacted by plaintiff *only* for the purpose of determining such depreciation in annual value of the premises. The court further charged the jury that they must be careful, in estimating the whole amount of damages, not to include any item more than once, and to give plaintiff actual compensation for his injury, but no more; that they could not " apportion the damages for these injuries according to the width of the strip actually taken, and occupied by the railroad, but must award damages to compensate the plaintiff for the whole amount of injury sustained; " and that " no increase in value which those premises enjoyed in common with other property, from the construction of this railroad, and the consequent increase in the population, wealth and business of the community, could be considered in reduction of plaintiff's damages."

The following instructions, asked by the defendant, were refused : " 13. Plaintiff can recover only such amount of damages as he has sustained by reason of the operation of defendant's road on that portion of the street lying west of the center line and in front of his premises. The company had a right to use and operate their railway on the eastern side of the street." " 18. The damages, if any, allowed to plaintiff, must not exceed the difference between the price his premises would have rented for if there were no railroad on Pearl street, and the price they would have rented for with the railroad on that street."

Plaintiff had a verdict and judgment for $5,425; and defendant appealed.

*William Ruger*, for the appellant, argued the following among other points:

1. Defendant's charter (ch. 135, Laws of 1856) contemplates the assessment of damages after actual occupation of lands, and prescribes the method. Similar provisions have been held valid *(Kennedy v. Railway Co.,* 22 Wis., 581; *Robbins v. Railroad Co.,* 6 id., 637; *Pomeroy v. Railroad Co.,* 25 id., 644; *Railroad v. Gesner,* 20 Pa. St., 240), and are contained in later general railroad acts now in force (ch. 175, Laws of 1861; ch. 119, Laws of 1872; and ch. 291, Laws of 1873). These furnish an adequate remedy for all damages past and future; and that such remedy was intended to be exclusive appears from the provisions in the acts named, for the disposition of pending suits and the payment of costs therein. Although the legislature could not authorize an entry without previous payment of compensation, it does not follow that they could not prescribe a remedy for an *unauthorized* occupation. This having been done, and plaintiff having waived his right to prevent by injunction the unlawful taking and occupation, by proceeding for the recovery of compensation only, he should be confined to the specific remedy. The early cases relied on by respondent were actions for injunctions, in which damages were sought as an incident. *Davis v. Rail-*.

*road Co.*, 12 Wis., 16; *Powers v. Bear*, id., 213; *Ford v. Railroad Co.*, 14 id., 609; *Pettibone v. Railroad Co.*, id., 443; *Church v. Milwaukee*, 31 id., 516; *Pier v. Fond du Lac*, 38 id., 470. The rule stated in *Sherman v. Railway Co.*, 40 id., 645, applies where a railway company knowingly constructs roads over lands not owned by it, and should not be extended to cases of involuntary trespass like the one at bar. 2. Plaintiff, if he could recover at all, was entitled to such damages only as resulted from the operation of the railway within the boundaries of his own land. Had defendant's track been laid wholly on the east half of the street, he could recover nothing, though his actual damages would have been practically the same as now. Cooley's Con. Lim., 541–3; Sedgw. Con. & Stat. Law, 519–523; Potter's Dwarris, 393; 1 Redf. on R. W., 294; Pierce on Am. R. W. Law, 171, 198; Dillon's Mun. Corp., §§ 556–7, 576–7; Wood on Nuisances, §§ 753, 757; *Stadler v. Milwaukee*, 34 Wis., 98; *Whittieer v. Railroad Co.*, 38 Me., 26; *Boothby v. Railroad Co.*, 51 id., 320; *Richardson v. Railroad Co.*, 25 Vt., 465; *Hatch v. Railroad Co.*, id., 49; *N. Y & E. Railroad Co. v. Young*, 33 Pa. St., 175; *Patten v. Railway Co.*, id., 426; *Stevens v. Railroad Co.*, 5 Vroom, 549; *Prop'rs etc. v. Railroad Corp.*, 10 Cush., 385; *B. & W. Railroad Corp. v. Railroad Corp.*, 12 id., 605. Plaintiff should therefore be allowed only his increased damages arising from the use of the six inch strip, beyond what he would have experienced with the track just off but adjoining his land. This rule does not necessarily require first a computation of the aggregate damages, and then an apportionment of them; but it is not for defendant to point out the proper method of arriving at the result. The problem is no more difficult than many others required of juries; and, the *onus* being on the plaintiff, if he fails to present the requisite data, that is no reason for permitting a recovery on improper grounds. *Rogers v. Ins. Co.*, 1 Story, 603; *Partenheimer v. Van Order*, 20 Barb., 479; *Hobart v. Railroad Co.*, 27 Wis.,

200. 3. Plaintiff's possessory rights, as distinguished from the public easement, extend no further than the middle of the .street; yet he was permitted to recover all damages arising from the operation of the road in the street at large. *Farrand v. Railway Co.*, 21 Wis., 435; *Stadler v. Milwaukee*, 34 id., 98; *Walker v. Railway Co.*, 103 Mass., 14; *Proprietors etc. v. Railroad Corp.*, 10 Cush., 385; 12 id., 605, 608–10; *Davidson v. Railroad*, 3 id., 105–6; *Lansing v. Smith*, 8 Cow., 146, 151; *Kellinger v. Railroad Co.*, 50 N. Y., 206; *Patten v. Railway Co.*, 33 Pa. St., 426; *Hatch v. Railroad Co.*, 25 Vt., 49; *Directors of the Hammersmith Railway Co. v. Brand*, L. R., 4 H. L., 171. 4. Defendant was allowed nothing for the benefits resulting to plaintiff from the construction of the road. The true measure of damages was the difference between the money equivalents of the injuries and benefits. Sedgw. on Dam., 133–4; *Murphy v. Fond du Lac*, 23 Wis., 365; *Luther v. Winnisimmet Co.*, 9 Cush., 171; *Elliot v. Railway Co.*, 10 id., 191. At common law, the distinction between common and special benefits, which is recognized in statutory proceedings for condemnation, is wholly unknown; and a defendant in trespass is entitled to all benefits received by plaintiff as the proximate result of his wrongful act, although his neighbors may be benefited in like manner.

For the respondent, a brief was filed by *Hastings & Greene*, and the cause was argued orally by *Mr. Greene:*

1. Plaintiff had a vested right to all past damages arising from defendant's trespass upon his land, and was not bound to institute proceedings for an appraisal, though he had the power. *Loop v. Chamberlain*, 20 Wis., 135; *Sherman v. Railway Co.*, 40 id., 645; *Driver v. W. U. R. R. Co.*, 32 id., 569; 22 Conn., 74; 11 id., 59; Lalor's Sup., 156; 3 Hill, 569; 41 Cal., 256; 66 Pa. St., 404; 18 Minn., 260.

2. The elements of plaintiff's damages are, (1) The invasion of his premises, and imposition of an additional burden upon

them. *Ford v. C. & N. W. R'y Co.*, 14 Wis., 609; 16 id., 640; 20 id., 135; 21 id., 602; 26 id., 627; 32 id., 569; 33 id., 629; 40 id., 645; 26 Conn., 249; 16 N. Y., 97; 25 id., 526; 24 id., 655; 10 Bush (Ky.), 382; 19 Am. Rep., 67; 17 Minn., 215. (2) The creation of a nuisance in the vicinity of his premises. Wood on Nuisances, §§ 750, 782, and cases there cited; *Mahon v. Railroad Co.*, 24 N. Y., 658; 40 Wis., 403. (3) The injury to his property rights in the street, which are the right to free access and egress to and from his premises. 14 Ohio St., 523; 27 Wis., 198; 9 Ind., 467; id., 433; 41 Cal., 256; 10 Barb., 360, 367; 7 C. P., 508; L. R., 8 C. P., 191; L. R., 7 H. L., 243. The ultimate object is to ascertain the depreciation in annual value of the premises, which must depend upon all the legal rights connected therewith which have been violated, and the manner and extent of the violation; and, although the problem is difficult, that is no reason for denying a remedy. The court below adopted the only practical method of reaching this end. *Hegar v. C. & N. W. R'y Co.*, 26 Wis., 628; *Snyder v. W. U. R. R. Co.*, 25 id., 60; 32 id., 570; 33 id., 421.

3. If plaintiff's land was enhanced in value by the building of the railroad, in common with other property of the town, he was entitled to recover for the injury to its value as thus increased. *M. & M. Railroad Co. v. Eble*, 4 Chand., 72; *Robbins v. Railroad Co.*, 6 Wis., 636; *Snyder v. Railroad Co.*, 25 id., 60–63; 32 id., 569; 33 id., 629; 4 Cush., 291; 8 id., 600; *Nicholson v. Railroad Co.*, 22 Conn., 74, 78, 79, 88; *Francis v. Schœllkopf*, 53 N. Y., 152; *Kimel v. Kimel*, 4 Jones (N. C.), 121; Wood on Nuisances, § 864. Defendant is charged as a *wrong-doer*, and cannot be allowed benefits common to the plaintiff and others; and it is even doubtful whether plaintiff could be compelled to accept special benefits as compensation for defendant's tort. Wood on Nuisances, § 864; 53 N. Y., 152; 4 Jones (N. C.), 121; *Tillotson v. Smith*, 32 N. H., 96. But in this case no special benefits are claimed.

4. The doctrine that plaintiff's damages must be apportioned according to the width of the strip actually appropriated, would lead to absurd consequences. For the construction of a railroad along the center of a street, only nominal damages could be recovered. But shift the track a few feet one side, so that it lies wholly upon the land of one owner, and immediately he becomes entitled to full damages. The idea was derived from those cases which hold that where a man's land is not actually taken, he can recover nothing for injuries consequent upon the building of such a railway as the charter provides for. *Bellinger v. N. Y. Cent. R. R.*, 23 N. Y., 42; 50 id., 206; 27 id., 209; 25 Vt., 49, 475. It is directly sanctioned only by a single case, *Walker v. Railway Co.*, 103 Mass., 14. The doctrine is applicable to those cases alone where no land is taken (*Kellinger v. R. R. Co.*, 50 N. Y., 206); and even in such cases is opposed to the weight of authority. *Eaton v. Railroad*, 51 N. H., 504; *Stone v. R. R. Co.*, 68 Ill., 394; *Tinsman v. R. R. Co.*, 2 Dutch., 148; 14 Conn., 151; 15 id., 317; 16 id., 98; 21 id., 294; 26 id., 249; 108 Mass., 261; 14 Ohio St., 423, 546; 9 Ind., 433, 467; 7 id., 38, 479; 30 Mich., 308; *Mahon v. Railroad Co.*, Hill & Denio, 156; 27 Barb., 512; 25 Wend., 463; 41 Cal., 256; 10 Bush (Ky.), 382; 13 Wall., 166; *Arimond v. Canal Co.*, 31 Wis., 317, 335; *Alexander v. Milwaukee*, 16 id., 248; 27 id., 198; 25 id., 223; 5 id., 32; 33 id., 629; *Delaplaine v. Railway Co.*, 42 id., 214; 19 Am. Rep., 67; *McCarthy v. Bd. of Public Works*, L. R., 7 C. P., 508; *S. C.*, 8 id., 191; *S. C.*, L. R., 7 H. L., 243; *Reg. v. Railway Co.*, 2 Ad. & El. (N. S.), 347; *E. & W. I. D. & B. J. Railway Co. v. Gatke*, 3 Eng. L. & E., 59; Redf. on R. W., 175; Cooley's Con. Lim., 551–6, note 2; Wood on Nuisances, §§ 750, 752, and cases there cited. In respect to consequential damages a distinction should be made between cases where the injury arises from a purely public work, and those where the work is undertaken by a corporation created primarily for private benefit. 16 Wis., 247; 34 id., 98; 9 Ind., 433; 21

Conn., 304; 2 Dutch., 148; 4 Cush., 71. But even municipal corporations have been held liable for such damages where they are sufficiently direct and proximate. 25 Wis., 223; 31 id., 316. Whatever may be the rule where no land of plaintiff is taken, all the cases agree that if any such land is occupied, the entire damages are recoverable. *Cox v. Railroad Co.*, 48 Ind., 178; *I., B. & W. Railroad Co. v. Hartley*, 67 Ill., 439; *Mix v. Railway Co.*, id., 319; 40 Wis., 645; 14 id., 609; 33 id., 629; *Imlay v. Railroad Co.*, 26 Conn., 249; 17 Minn., 215; 18 id., 260; *City of Pekin v. Brereton*, 67 Ill., 477; *St. L., V. & T. H. Railway Co. v. Capps*, id., 607; *Williams v. Railroad Co.*, 16 N. Y., 110; *S. P. Railroad Co. v. Reed*, 41 Cal., 256; Cooley's Con. Lim., 446–9; 2 Dillon's Mun. Corp., 657. A wrong-doer cannot escape liability by showing how the same injury might have been produced lawfully.

COLE, J. The first error assigned for reversing the judgment is, the overruling of the objection to the admission of any evidence under the complaint. The objection was founded on the assumption that the statute remedy is exclusive, where the landowner waives his right to prevent the occupation of his land, and elects to proceed for the recovery of damages, or compensation. The complaint states a cause of action for trespass to land in a public street, adjoining the plaintiff's premises, and there is no fact in the case from which a waiver of any legal right on the part of the plaintiff can be inferred. It is true he did not resort to his remedy by injunction to prevent the company from laying its track on his land, in the street, as he might have done; but this is all. The case is not distinguishable in principle, or in its facts, from that of *Sherman v. The Mil., Lake Shore & Western R'y Co.*, 40 Wis., 645. There it was held, in accordance with the previous decisions of this court, that if a railroad company take possession of land for which it is liable to make compensation, without the consent of the owner, and without having ascertained

and paid the compensation under the process given by the statute, it is a trespasser, and liable in an action of trespass. In that case, as in this, the company had occupied and used a public highway adjoining the plaintiff's property, for its track. The decision seems fully to meet the position taken here, that the statutory remedy is exclusive, and that the plaintiff cannot maintain this action. The plaintiff owns the fee to the center of the street, subject to the public easement; and, if the company has unlawfully encroached upon his land in the street, or appropriated it for the use of its track, he can resort to his legal remedy for redress. The learned counsel for the company made an ingenious argument to show that the doctrine of the Sherman case should not be applied to this; but he failed to convince us that there was any valid reason for making a distinction in the cases. We do not deem it necessary to follow his argument in detail on this point, and dismiss it with the remark, that it presented no new view of the question involved. There is no fact or circumstance in the case which will, or should, take it out of the rule of the previous cases decided by this court; nor was there any consideration advanced, drawn from the railroad legislation, which tends to weaken our confidence in the correctness of those decisions. The evidence shows, beyond question, that the company occupied the street with its track without the consent and against the protest of the plaintiff; and, though he did not attempt to prevent such unauthorized occupation by an injunction, there is no ground for saying that he has waived or lost any legal remedy by delay. If the company has encroached upon his land, violated his rights, by laying its track in the street in the manner it did, he is entitled to recover such damages as he has sustained by such unlawful acts.

Numerous exceptions were taken on the trial to the rulings of the court admitting or excluding testimony, some of which are relied on here for a reversal of the judgment. Time would hardly suffice to notice these various exceptions; nor is it im-

portant that we should do so, in view of the result we have reached on the question of damages. The action, as we have observed, is for a continuing trespass upon the land of the plaintiff in a public street. It is not a proceeding for ascertaining the amount of compensation the company should pay for property taken for the use of its road. It is necessary to keep in mind the distinction between the two proceedings, when considering the question of damages.

The answer admits that the track was laid in the street, in front of the plaintiff's lots, encroaching upon his premises six inches. The evidence in the case strongly tends to show that the track extends along the center of the entire street, and that the main switches of the station are located about sixty feet north of the north line of the premises, and others, to a great number, branch off from the main line northward. There was considerable switching done in the street in front of the premises; that is, engines and cars were frequently moving back and forth on the street, making up trains, and were often left standing on the track at that place. The track was some inches above the surface of the street, and was ballasted from time to time; but there was more or less difficulty in teams crossing the track from one side of the street to the other.

At the time of the building of the road, and ever since, the plaintiff has been in the actual occupation of the premises, having the same inclosed, and having his residence, a brewery and other improvements thereon. It was claimed by the plaintiff, that, by the construction and operation of the road in the street in the manner it was operated, and by reason of the noise, fire, smoke and dangerous motion of the cars and engines, the railroad became, as to his premises, a private nuisance, rendered the use and enjoyment of his property disagreeable and less valuable than it would otherwise have been, deprived him of the use and benefit of the street as a public highway, increased the danger to his buildings from fire, and

greatly impaired the value of the premises, and the annual income therefrom.

In constructing its track upon the plaintiff's land without his consent, and without making compensation, the company was clearly a wrong-doer, and is liable for all the certain, direct and natural damages resulting to the plaintiff from its unlawful act. The damages recoverable in the action are, of course, for past injury to the freehold and possession; that is, the pecuniary loss which the trespass had caused the plaintiff in the use and enjoyment of his property when the suit was commenced. Laying out of view collateral questions, for the purposes of this case it seems to be sufficiently accurate to say, that the measure of damages would be the difference between the annual rental value of the premises with the railroad track where it was, and the road operated as it was, and what the rental value of the premises would have been had not the road been upon his land.

The counsel for the company argued that the plaintiff should recover such damages only as resulted from the six inch road-bed encroachment upon his premises, or such damages as the plaintiff sustained by reason of the operation of the road on that portion of the street lying west of the center line thereof, and in front of his premises. If by this it is meant that the plaintiff could recover only a fractional part of the damages, which the construction and operation of the road worked to his premises, a bare statement of the proposition is sufficient to show its unsoundness. A railroad is an entire thing, and it is impossible for any human intelligence to separate the loss or injury which its operation causes; apportioning so much to one portion, and so much to another. But we suppose the plaintiff was entitled to recover for all the loss which he had sustained by reason of the trespass of the company, and in consequence of the road being operated on his land, according to the rule above stated,

To the greater portion of the able and discriminating charge

of the court below, defining what were actionable damages, no valid objection can be taken. The charge, including the instructions given at the request of the respective parties, is somewhat lengthy, and will not be commented on in detail. In one respect, however, the charge, as we understand it, is misleading and erroneous. We refer to the strong implication in the charge, if not the direct ruling, that the plaintiff was entitled to recover, as damages consequent upon the trespass, the difference between the value of the use of the premises with the railroad as it was, with all its inconveniences, and the value of the use with the railroad where it was, without such inconveniences. If this is the meaning of the charge, it is obvious that the jury might have assessed double damages, or more damages than the wrongful act of the defendant caused the plaintiff; for this rule would more than make good the plaintiff's loss, since it gives him all the benefits to his property resulting from the road, if any there were. It is plain that the road might possibly enhance, for some purposes, the business advantages of his property, rather than depreciate its rental value. If so, to that extent the trespass would work the plaintiff no harm.

We think the charge is fairly open to this criticism upon it, more especially in view of the refusal of the court to give the eighteenth special request asked on the part of the defendant, which was, in substance, that the damages could not exceed the difference between the annual rental value of the property if there were no railroad on the street, and its annual rental value as the property was situated, with the railroad constructed and operated as it was. This instruction seems to us substantially correct, and should have been given. As applied to the facts of this case, the instruction would require the defendant to make full compensation for the actual loss which the plaintiff had suffered by its wrongful interference with his property. We do not think that this rule was given by the court in its charge.

Before taking leave of the case, we must express our obli-gations to the counsel on both sides for the very able manner in which the questions involved were discussed by them, and the intelligent way in which the authorities bearing on those questions are collated and presented in their briefs. We have only found it necessary to notice a very few of the points argued by them; but still we were so greatly aided in our ex-amination of the case by their full and exhaustive arguments, that we felt that this acknowledgment was due them.

For the error in the charge above referred to, there must be a new trial.

*By the Court.* — The judgment is reversed, and a new trial awarded.

A motion by the respondent for a rehearing was denied.