CAMPBELL *v.* UNITED STATES.

No. 73. Argued October 15, 1924.—Decided December 8, 1924.

1. In an action brought in the District Court under Jud. Code, § 24,
   (20) to recover compensation for property taken by the United
   States, judgment is reviewable directly by this Court and not by
   the Circuit Court of Appeals  P. 369.

2. The just compensation assured by the Fifth Amendment to an owner, part of whose land is taken for public use, does not include compensation for diminution in value of the remainder caused by the acquisition and use of adjoining lands of others for the same undertaking. P. 370.

Affirmed.

ERROR to a judgment of the District Court awarding part only of the amount claimed by the plaintiff in error as compensation for land taken by the United States and damage to his remaining land. See 291 Fed. 1015.

*Mr. John V. Campbell,* with whom *Mr. A. Julius Freiberg* was on the brief, *pro se.*

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This action was brought by John V. Campbell to recover compensation for 1.81 acres of land taken by the United States to be part of a site for a plant for the production of nitrates. The district court found that the value of the land was $750, and that, by the taking, the remainder of his property was damaged $2,250. It also found that, by reason of the uses to be made of lands acquired from others for the same project, plaintiff's lands not taken were damaged $5,000. The court allowed the first two items and disallowed the last. The judgment was for $3,000 and interest. Plaintiff took the case to the Circuit Court of Appeals on writ of error, but it should have been brought to this court, (§ 24, par. 20, Judicial Code; *J. Homer Fritch, Inc.,* v. *United States,* 248 U. S. 458,) and it was transferred under § 238a, Judicial Code. Act of September 14, 1922, c. 305, 42 Stat. 837. The question for decision is whether plaintiff was entitled to

the damages to the remainder of his estate resulting from the use to be made of the lands acquired from others.

In 1918, the United States, to aid in the prosecution of the war, had determined to build a nitrate plant at Ancor in the Little Miami Valley, near Cincinnati, Ohio. In order to get a site, it had taken possession of many parcels of land making up a large tract, adjoining plaintiff's estate of 69.73 acres. August 31, 1918, an officer of the army, acting under the direction of the Secretary of War, and without obtaining plaintiff's consent or instituting condemnation proceedings or making any compensation therefor, took possession of a part of plaintiff's land, which was separated from the remainder by a public road. It was a garden, lying at the foot of a hill on which plaintiff's residence was situated. The entire tract, including the land taken from plaintiff, comprised 1,300 acres. The United States constructed on the site buildings, roads, railroads, a sewerage system, and such other things as are usually incidental to a large industrial plant. After the armistice, the project was abandoned. Some of the lands constituting the site were returned to the former owners, and some were sold. And the United States has determined to sell the rest of the land which includes that taken from plaintiff and amounts in all to 320 acres. The court found that the damages to the remainder of plaintiff's estate from the use to be made of lands acquired from others resulted chiefly from the probability that the tract, improved as it has been by the United States, will be sold and used for industrial purposes.

The taking was under the sovereign power of eminent domain. The President and Secretary of War were authorized to purchase or condemn the lands. Act of June 3, 1916, c. 134, § 124, 39 Stat. 215. Act of July 2, 1917, c. 35, 40 Stat. 241, as amended April 11, 1918, c. 51, 40 Stat. 518. And from the taking there arose an implied

promise by the United States to compensate plaintiff for his loss. *United States* v. *Great Falls Mfg. Co.,* 112 U. S. 645, 656; *United States* v. *Lynah,* 188 U. S. 445, 464; *United States* v. *Cress,* 243 U. S. 316, 329; *United States* v. *North American Co.,* 253 U. S. 330, 333. Thereupon he became entitled to have the just compensation safeguarded by the Fifth Amendment to the Constitution; that is, the value of the land taken and the damages inflicted by the taking—such a sum as would put him in as good a position pecuniarily as he would have been if his property had not been taken. *Seaboard Air Line Ry. Co.* v. *United States,* 261 U. S. 299, 304. But he was not entitled to have more than that.

The land taken from the plaintiff was not shown to be indispensable to the construction of the nitrate plant or to the proposed use of the other lands acquired by the United States. The damages resulting to the remainder from the taking of a part were separable from those caused by the use to be made of the lands acquired from others. The proposed use of the lands taken from others did not constitute a taking of his property. *Richards* v. *Washington Terminal Co.,* 233 U. S. 546, 554. Plaintiff had no right to prevent the taking and use of the lands of others; and the exertion by the United States of the power of eminent domain did not deprive him of any right in respect of such lands. And, if the land taken from plaintiff had belonged to another, or if it had not been deemed part and parcel of his estate, he would not have been entitled to anything on account of the diminution in value of his estate. It is only because of the taking of a part of his land that he became entitled to any damages resulting to the rest. In the absence of a taking, the provision of the Fifth Amendment giving just compensation does not apply; and there is no statute applicable in this case that enlarges the constitutional right. If the former private owners had devoted their

lands to the identical uses for which they were acquired by the United States or to which they probably will be put, as found by the court, they would not have become liable for the resulting diminution in value of plaintiff's property.   The liability of the United States is not greater than would be that of the private users.   Plaintiff cites and relies upon *Belsch* v. *Chicago & Northwestern Ry. Co.,* 43 Wis. 183; *Chicago, K. & N. Ry. Co.* v. *Van Cleave,* 52 Kans. 665; and *Haggard* v. *Independent School District,* 113 Iowa, 486, to support his contention that he is entitled to have the damages found to have resulted to the remainder of his estate by the uses made and to be made of the lands acquired from others.   In each of these cases, it was impossible separately to ascertain the damages caused to the remainder of the owner's tract by the taking and proposed use of a part of it. In this case, such damages were separately found, and plaintiff does not complain in respect of the amount of that element.   We think that plaintiff's contention is not sustained.   The rule supported by better reason and the weight of authority is that the just compensation assured by the Fifth Amendment to an owner, a part of whose land is taken for public use, does not include the diminution in value of the remainder caused by the acquisition and use of adjoining lands of others for the same undertaking.   See *Walker* v. *Old Colony & Newport Ry. Co.,* 103 Mass. 10, 15; *Lincoln* v. *Commonwealth,* 164 Mass. 368, 377; *Adams* v. *Chicago, Burlington & Northern R. R. Co.,* 39 Minn. 286; *Keller* v. *Miller,* 63 Colo. 304, 307; *Horton* v. *Colwyn Bay & Colwyn Urban Council,* L. R. [1908] 1 K. B. 327.

*Judgment affirmed.*