## GALLERANI v. UNITED STATES.

### No. 1325.

District Court, D. Massachusetts.

Oct. 1, 1941.

J. A. Boyer and Philip Nichols of Nichols, Boyer & Morton, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and Gerald J. McCarthy, Asst. U. S. Atty., both of Boston, Mass., for defendant.

'294

SWEENEY, District Judge.

This is an action for damages for an alleged "taking" of plaintiff's property. The plaintiff alleges that pursuant to condemnation proceedings instigated under the "Emergency Relief Act of 1935", 49 Stat. 115, the United States appropriated the land adjacent to plaintiff's for the purpose of enlarging and improving the Cape Cod Canal, and that, as a result of the work done by the United States on this adjoining land, certain ground waters were withdrawn from the plaintiff's land causing his well to dry up thereby permanently damaging his land and making it unfit for dwelling purposes. The matter is now before me on defendant's motion to dismiss on the ground that the plaintiff does not state a claim on which relief can be granted.

 The question presented is whether the United States can be held liable where, as a result of its lawful acts in improving navigation, it drains underground waters from land not included in the condemnation proceedings, thereby making such land unfit for one of the purposes for which it was used, namely, dwelling purposes. I think the answer must be in the negative. The United States does not assume a greater obligation to compensate for injury to private property than the law imposes upon a private individual under similar circumstances. Campbell v. United States, 266 U.S. 368, 372, 45 S.Ct. 115, 69 L.Ed. 328; Jackson v. United States, 230 U.S. 1, 21, 22, 33 S.Ct. 1011, 57 L.Ed. 1363. Both at common law and under the law of Massachusetts, where plaintiff's property is situated, there is no property right in underground percolating waters, and any injury resulting from the loss of same through the lawful acts of an adjoining landowner is considered damnum absque injuria. Acton v. Blundell, 12 Mees. & W. 324; Greenleaf v. Francis, 18 Pick., Mass., 117; Davis v. Spaulding, 157 Mass. 431, 434, 32 N.E. 650, 19 L.R.A. 102; Aetna Mills v. Brookline, 127 Mass. 69, 71; Wilson v. New Bedford, 108 Mass. 261, 265, 11 Am.Rep. 352. Mere injury to land or to the incidents of its possession, even though substantial, does not amount to a "taking" for which compensation is required under the Fifth Amendment, unless there is an actual invasion of the land or some property right therein which, in substance, amounts to a complete appropriation. Sanguinetti v. United States, 264 U.S. 146, 149, 44 S.Ct. 264, 68 L.Ed. 608; Northern

Transportation Co. v. Chicago, 99 U.S. 635, 642, 25 L.Ed. 336; Campbell v. United States, supra; Gibson v. United States, 166 U.S. 269, 17 S.Ct. 578, 41 L.Ed. 996.

The plaintiff in support of his complaint relies on the cases of United States v. Lynah, 188 U.S. 445, 23 S.Ct. 349, 47 L.Ed. 539; Tempel v. United States, 248 U.S. 121, 39 S.Ct. 56, 63 L.Ed. 162; Portsmouth Harbor Land Co. v. United States, 260 U.S. 327, 43 S.Ct. 135, 67 L.Ed. 287; and United ed States v. Cress, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746. These cases are all distinguishable from the plaintiff's in that in every one of them there was a physical invasion of the complainant's land amounting to a practical ouster of possession.

Since the complaint fails to show an appropriation of a property right of the plaintiff, his damages are consequential, and therefore not such as will support a claim against the United States. The fact that the plaintiff may be put to considerable expense to obtain water from another source does not ameliorate his position. Manigault v. Springs, 199 U.S. 473, 484, 485, 26 S.Ct. 127, 50 L.Ed. 274.

The defendant's motion is allowed.