UNITED STATES of America,
Plaintiff,

v.

2,124.67 ACRES OF LAND, Dwight
Murphy and Grace Murphy
et al., Defendants.

No. 11961.

United States District Court.
S. D. California, Central
Division.

Dec. 31, 1955.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

. Hill, Farrer & Burrill, Los Angeles, Cal., Percy Heckendorf, Santa Barbara, Cal., for defendants Dwight Murphy and Grace Murphy.

JAMES M. CARTER, District Judge.

As part of pretrial procedure under Rule 16, F.R.C.P., 28 U.S.C.A., the plaintiff and the defendants, Dwight Murphy and Grace Murphy, raise a question for determination prior to trial.

■ For the purpose of this ruling only, plaintiff concedes that the facts as set forth by defendant land owners are correct, and proceeding arguendo, contends that the land owners may not recover in this proceeding for an alleged loss of a stream of cold water, hot sulphur springs and a flow of hot sulphur water below the springs.

The declaration of taking was filed July 26, 1950, and on the same date the complaint was filed. The property taken from the Murphys was land in the Santa Ynez Valley, Santa Barbara county. The hot springs and stream are not on such land.

The construction of the Tecolote Tunnel, through the mountains from the Santa Ynez Valley to the coastal plain above Santa Barbara was not commenced until long after the date of taking of the land in question. Nor was any land for the Tecolote Tunnel taken from these land owners. The Tecolote Tunnel was constructed on land taken from other land owners.

Assuming that this later construction of the tunnel was the proximate cause of the drying up of the springs and the stream of the defendants, recovery for this loss or damage may not be had in this action. "Just compensation is value at the time of the taking", Danforth v. United States, 308 U.S. 271, at page 283, 60 S.Ct. 231, at page 236, 84 L.Ed. 240. The taking here occurred July 26, 1950.

Defendants' contention that the Cachuma Dam and the Tecolote Tunnel were part of the integrated project under the statutes passed in connection therewith, even if true, is not determinative. "The mere enactment of legislation which authorizes condemnation of property *cannot be a taking* as such legislation may be repealed or modified, or appropriations may fail", Danforth v. United States, supra, 308 U.S. at page 286, 60 S. Ct. at page 237, 84 L.Ed. 240. [Emphasis added.] See Thompson v. United States, 9 Cir., 1954, 215 F.2d 744, 745.

Just compensation is restricted to the value of the land taken, and the damage to the remainder of the land occasioned by use of the portion appropriated, and does not include damage to the residue by reason of the use of adjoining lands of others. Campbell v. United States, 266 U.S. 368, 45 S.Ct. 115, 69 L.Ed. 328.

Counsel will prepare an appropriate order pursuant to the rules of this court.