**ST. REGIS PAPER COMPANY,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 18166.**

United States Court of Appeals
Ninth Circuit.

Dec. 28, 1962.

Edgar N. Eisenhower, Reuben C. Carlson, James V. Ramsdell and James F. Henriot, Tacoma, Wash., for appellant.

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis and A. Donald Mileur, Attys., Dept. of Justice, Washington, D. C., and Brockman Adams, U. S. Atty., Seattle, Wash., for appellee.

Before ORR, MERRILL and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge.

This case involves a condemnee's right to compensation for severance damage to its lands remaining after the taking due to the fact that the project involved has resulted in a reduction of the accessibility of those lands.

Appellant owns timberland in the State of Washington. By the Flood Control Act of 1950, 64 Stat. 163, 180, the Eagle Gorge Reservoir Project and the Howard A. Hanson Dam were authorized. Four hundred twenty-seven acres of appellant's lands have been taken in connection with these projects.

Adjoining appellant's lands and traversing the proposed reservoir area was the main line of the Northern Pacific Railway. A spur track on appellant's lands provided access to the main railroad line over which all timber taken from appellant's lands was transported. The spur was operated under an industrial track agreement with the railroad by the terms of which the railroad had the right to discontinue service should it be required to alter its route in such manner as to make continuation of the service impracticable.

The reservoir project necessitated the relocation of the Northern Pacific line in such a manner as to render it inaccessible to the appellant in future operations. Appellant does not contend that it had any enforceable right in the railroad

main line route for the taking of which it is entitled to compensation. It does contend that its remaining lands have depreciated in value due to their loss of access via the railroad and that it is entitled to severance damages for this depreciation. By summary judgment, from which this appeal was taken, the district court has denied appellant recovery for such depreciation.[1]

The case is closely allied in the problem it presents to that of United States v. Pope & Talbot, Inc., 9 Cir., 1961, 293 F. 2d 822.

In that case loss of access was due to the flooding of a roadway which passed in part over United States forest lands and to which condemnee had a revocable use permit issued by the United States. It was recognized that the condemnee had no compensable right to its use of the roadway. The opinion turned upon the fact that the loss of access suffered by the lands remaining to the condemnee was due to the use to which the taken lands had been put. It was recognized that under Campbell v. United States, 1924, 266 U.S. 368, 372, 45 S.Ct. 115, 117, 69 L.Ed. 328:

> "* * * the just compensation assured by the Fifth Amendment to an owner, a part of whose land is taken for public use, does not include the diminution in value of the remainder caused by the acquisition and use of adjoining lands of others for the same undertaking."

In the case of Pope & Talbot the area encompassed by the inundation which caused loss of access was made up of parcels of land owned both by the condemnee and the United States, with parcels co-mingled somewhat in checkerboard fashion. This court stated at page 825 of 293 F.2d:

> "We conclude that under the facts of this case the loss in market value of the remainder (due to the fact

that the lake created a condition reducing the accessibility of those lands) was rationally attributable to the use to which the taken lands were put * * *."

Such is not the case here. It was not the inundation of appellant's lands which affected the accessibility of the remainder via the railroad. It was the use to which adjoining land owned by others was put, such use precluding the continuing operations of the railroad over such lands. Accordingly this case, in our judgment, is controlled by Campbell v. United States, supra.

Judgment affirmed.

---

1. In thus rendering judgment the district court separated from all other issues the issue of appellant's right to severance damages due to the moving of the railroad's main line. Appeal was taken from this judgment under Rule 54(b), F.R.Civ. P. If other severance damage issues are presented in the case below, they are not before us on this appeal.