**UNITED STATES of America,**
**Appellant, Cross-Appellee,**
v.
**Benjamin T. LANGENDORF et al.,**
**Appellees, Cross-Appellants.**
**No. 18031.**

United States Court of Appeals
Ninth Circuit.

Aug. 22, 1963.

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis and Raymond N. Zagone, Attys., Dept. of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., and Melvin C. Blum, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Robert T. Whitman, Downey, Cal., for appellees.

Before CHAMBERS and HAMLIN, Circuit Judges, and PENCE, District Judge.

HAMLIN, Circuit Judge.

In May, 1960, the United States of America, appellant herein, filed in the United States District Court, Southern District of California, an action against Benjamin T. Langendorf and Lucille Langendorf, husband and wife (hereinafter appellees). In the first count of an amended complaint thereafter filed the appellant alleged that it was the owner and entitled to the possession and the rents and profits of certain property situated in the county of San Bernardino, California; that the appellees were in possession of said property

---

wrongfully; that demand had been made by the United States for possession; and that the appellees had refused to surrender possession knowing that the property was owned by appellant. In the second, third, fourth and fifth causes of action appellant alleged, in addition to the allegations contained in the first count, that appellant was entitled to damages for the use of said property by the appellees since 1945, that it was entitled to a further sum of over $8,000 for moneys paid by appellant to appellees by reason of the false representation of appellees that they were the owners of said property, and that demands had been made upon appellees by appellant for said rental damage and for the return of said moneys paid to appellees by reason of their false statements.

An answer was filed by appellees admitting their possession and use of the land since 1944, but denying the allegations of appellant as to title and further alleging the defense of laches and the defense that appellant was estopped from removing appellees from the use, occupancy, and possession of the property. In a counterclaim filed with the answer, the appellees contended they had made certain improvements on the property and asked that they be permitted to retain the use of the property or in the alternative be awarded damages by reason of their removal from the possession thereof.[1]

Thereafter, appellant moved to strike certain allegations in appellees' answer, purporting to raise the defenses of adverse possession, estoppel and/or laches, and moved that the counterclaim be dismissed. On the same day appellant moved for a partial summary judgment that it was, under the first count of the amended complaint, the legal owner of the real property and entitled to recover its pos-

session, and that appellees had no right, title or interest therein.

On March 6, 1961, the court granted appellant's motion striking the defenses and dismissing the counterclaim. It did not, however, rule on the appellant's motion for summary judgment.

Over a period of many months thereafter memoranda were submitted to the district court upon the merits of the motion for summary judgment; apparently negotiations also were had between appellees and appellant looking toward a settlement of the litigation and the issuance of a permit to appellees to occupy the lands under certain conditions. These negotiations did not result in any agreement between the parties.

On January 19, 1962, appellant moved for a ruling upon the motion for a partial summary judgment and for an order setting the case for trial upon the damage issues. The district court on February 14, 1962, granted summary judgment that appellant was the owner of the property, and that the appellees had no right, title or interest therein. It further ordered the appellees to leave the property and to cease and desist from operating or using the property within sixty days from the date of entry of said judgment. The court's order included the following:

"7. That this action is hereby dismissed as to all remaining claims of the plaintiff, but this dismissal shall not operate as an adjudication upon the merits."

On April 13, 1962, appellant filed notice of appeal to this court "from, and only from, those portions of the findings of fact, conclusions of law, and summary judgment, entered herein on February 14, 1962, wherein and whereby the trial court dismissed the remaining claims of the plaintiff, to-wit, its second, third, fourth and fifth causes of action."[2] It

---

1. In discovery proceedings instituted by the United States the Langendorfs answered certain interrogatories and made certain admissions.

2. On April 13, 1962, appellees filed notice of appeal to this court from the summary judgment made by the district court on February 14, 1962. On April

filed its brief with this court on November 2, 1962. No brief was filed within the time allowed by law by appellees;[3] nor to this date has one been filed.

Appellant contends on appeal that the district court erred in denying a trial to determine the amount of damages, if any, due to appellant and in dismissing "all remaining claims of the plaintiff (appellant)." We agree.

A similar question was before the Supreme Court in Utah Power & Light Company v. United States.[4] There an action was brought by the United States claiming that certain lands owned by the United States were being used by the defendants as sites for electric power plants. The United States sought to enjoin such use and to secure compensation for such occupancy or use in the past. The lower court ruled in favor of the government on the issue of the ownership of the lands and the right to their use, but refused the government's prayer for pecuniary relief. The Supreme Court stated:

"As the defendants have been occupying and using reserve lands of the United States without its permission and contrary to its laws, we think it is entitled to have appropriate compensation therefor included in the decree. * * *

"It follows that the decrees are right and must be affirmed, save as they deny the Government's right to compensation for the occupancy and use in the past, and in that respect they must be reversed."

Here the district court determined that appellant owned the lands in question and that appellees had no right, title or interest in the lands. Appellant therefore had the right to have determined the issues raised concerning damages which it alleged resulted from appellees' unauthorized use of those lands.[5] The district court had jurisdiction over the parties and the subject matter and we can see no reason why it should not have determined these issues on the merits.[6]

Judgment of dismissal of the second, third, fourth, and fifth causes of action alleged by appellant is reversed and the case is remanded to the district court for trial on the issues contained therein.

18, 1962, the appellant moved the district court for an order to show cause why a writ of assistance should not be issued authorizing the United States Marshal to place appellant in possession of the premises in question. After a hearing, the district court on June 28, 1962, upon the application of the appellees granted them leave to appeal in forma pauperis and made a further order staying the execution of the judgment of February 14, 1962, pending appeal upon condition "that the defendants, and each of them, file a supersedeas undertaking wherein they, and each of them, undertake to deposit into the registry of the court all rents, issues and profits or income of any type, nature or character whatsoever as it accrues to them during the pendency of their appeal; * * *."

On July 12, 1962, appellees filed the undertaking as directed by the district court. The record shows that subsequent to July 12, 1962, appellees took no further steps to perfect their appeal. No opening brief was filed by them as required by the rules of this court. By letter dated July 25, 1963, counsel for appellees was notified that pursuant to paragraph 7, rule 18 of the Rules of Practice of this court, the failure of the appellees to file a brief on appeal would be called to the attention of this court at 2 p. m. on August 7, 1963. On August 9, 1963, no brief of the appellees yet being on file, this court made an order dismissing their appeal.

3. Because of the failure of appellees to file their brief, upon notice to the parties this court placed the matter on the calendar for March 7, 1963. At that time counsel for appellees (at his request) was given until March 22, 1963, to file his brief. Thereafter on successive requests by counsel for appellees, time to file appellees' brief was extended to April 1, 1963, April 8, 1963, April 15, 1963, and April 30, 1963.

4. 243 U.S. 389, 37 S.Ct. 389, 61 L.Ed. 791 (1917).

5. See United States v. Bernard, 202 F. 728 (9th Cir., 1913).

6. See United States v. Hosteen Tse-Kesi, 191 F.2d 518 (10th Cir., 1951).