UNITED STATES of America,
Appellant,

v.

CITY OF TACOMA, WASHINGTON,
Appellee.

No. 18762.

United States Court of Appeals
Ninth Circuit.

March 25, 1964.

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis and Donald Mileur, Attys., Dept. of Justice, Washington, D. C., Brockman Adams, U. S. Atty., Seattle, Wash., for appellant.

Marshall McCormick, Paul J. Nolan, Irving J. Kelsey and Argal D. Oberquell, Tacoma, Wash., for appellee.

Before BARNES, HAMLEY and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

The United States brought this condemnation proceeding to acquire from the City of Tacoma, Washington, a right of way for a road within the city's municipal watershed. The Government desires the right of way for use in connection with the Howard A. Hanson Dam and Eagle Gorge Reservoir, King County, Washington, being constructed by the Corps of Engineers, United States Army. The final judgment contains a provision, quoted in the margin, dealing with a contention advanced in the district court by Tacoma that the estate taken is for a pri-

vate roadway only.[1] Objecting to the inclusion of this provision in the judgment, the Government appeals.[2]

The declaration of taking, filed on April 18, 1961, contains a reference to the statutes asserted to authorize the taking, a statement of the public uses for which the land is taken, and a description of the interest taken.[3] Substantially identical descriptions of the estate taken are contained in the complaint and amended complaint. Tacoma served its appearance on April 27, 1961, but did not serve or file an answer. On May 1, 1961, a judgment on the declaration of taking was entered. On May 13, 1962, Tacoma propounded nineteen interrogatories, designed to clarify the extent of the proposed use of the right of way. These interrogatories were never answered.

The city then took the position, apparently during the course of informal negotiations, that it did not object to such a road in the watershed if used only for flood-control project purposes, for watershed management purposes, and as a means of ingress and egress to the private timber holdings in the area. The city, however, objected to use of the road for general public purposes. It therefore asked that the judgment contain words to the effect that it should not be con-

strued as granting to the United States or the public any right to use the roadway easement for public highway purposes or general travel.

The Government would not agree to this, indicating that it was the intent of the Government to allow members of the general public to use this road under appropriate permits and regulations. The road, according to the Government, is substantially a replacement for those parts of Forest Service Road 212 which will be flooded by the Eagle Gorge Reservoir, and will accordingly be used by loggers, truckers, campers and other persons using adjacent Forest Service lands. The Government indicated that the road would probably also be used as a means of ingress and egress to the private timber holdings in the area, a use which, as indicated above, the city did not oppose.[4]

Pretrial hearings were had on December 10 and 31, 1962, at which hearings the parties were apparently able to come to agreement as to the amount of compensation. The controversy as to whether the easement was, or could be, for public or private road was not resolved. The court directed Tacoma to prepare a form of final judgment. The form which the city submitted contained the provision, quoted in note 1, to which the Govern-

---

1. This provision of the judgment reads:
    "FURTHER ORDERED, ADJUDGED and DECREED that nothing set forth in this Judgment shall be construed as deciding the contention raised by the City of Tacoma that the United States of America will not by these proceedings acquire a public road right of way or the rights to use these easements for public highway purposes or general travel, and the entry of this judgment shall not be construed as waiving the rights of the City of Tacoma, if any, to contend that the estate taken was for a private roadway only."

2. Another aspect of this project was before this court in United States v. St. Regis Paper Co., 2 Cir., 313 F.2d 45.

3. Paragraph 3 of the declaration of taking reads:
    "The estate taken for said public uses is perpetual and assignable easements

and rights of way to locate, construct, operate, maintain, and repair a roadway, in, upon, over and across Tracts Nos. F-613E-1 * * * together with the right to trim, cut, fell and remove therefrom all trees, underbrush, obstructions, and any other vegetation, structures, or obstacles within the limits of the right of way; subject, however, to existing easements for public roads and highways, public utilities, railroads and pipelines; reserving, however, to the landowners, their successors and assigns, all right, title, interest, and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired by the United States."

4. In this opinion the term "public road" is used to indicate the kind of use the Government desired to make of this right of way, as just described.

ment objects. The latter filed a memorandum indicating its opposition to the inclusion of such a provision.

On January 14, 1963, the parties entered into a stipulation fixing the sum of $5,531.17 as the full, just compensation for the easement taken, as described in the declaration of taking. It was further stipulated that a judgment "in proper form" based on the stipulated compensation "may be hereinafter entered upon the approval of both parties." The judgment here under review was entered on the same day, counsel for the Government having approved it "as to form."

The United States then moved for a reconsideration of the judgment and a hearing was held thereon. In resisting any change in the judgment the city pointed out that its interrogatories had not been answered by the Government. In declining to change the form of the judgment the district court expressed the view that the Government had not been fair with the City of Tacoma.

On this appeal the Government contends that it was authorized by statute to take an easement across these lands for a public road and that it did take such an easement. The Government asserts that the district court is without jurisdiction to determine whether the Government needs a public road, or whether administrative officials acted arbitrarily, capriciously or fraudulently in taking an easement for a public rather than a private road. The United States also argues that the district court should have determined the question of whether an easement for a public or a private road was taken, and that it was accordingly error for the court to reserve that question. The Government urges this court to modify the judgment by striking the provision which, the Government asserts, would reserve that question for future determination.

■ Tacoma disputes the contention of the Government that the judgment reserves, for future determination, the question of whether the estate taken was for a public or private road. It is the city's position that the effect of the judgment is a determination that the United States has acquired only a private roadway easement.

This view is patently without merit. The questioned provision of the judgment, quoted in note 1, specifically reserves the question of whether the easement taken was for a public or private roadway.

■ Tacoma next argues that if the nature of the easement taken has been left undecided, the uncertainty which results is of the Government's own making. Further, appellee asserts, the questioned provision is in any event sufficiently protective of the interests of both parties so that no harm has been done by the failure to resolve the issue. Therefore, the city urges, the judgment should be left undisturbed.

Probably nothing is to be gained by trying to determine who is to blame for the failure of the judgment to resolve the question as to the nature of the estate taken.[5] We do not agree with appellee that the form of judgment entered is sufficiently protective of the interests of both parties. In our view it is not sufficiently protective of the interests of either.

The inclusion in the judgment of the provision reserving the question as to the nature of the easement taken is detrimental to the interests of the United States because it cannot be sure what use it can make of the road without precipitating the threatened litigation. Under the circumstances the Attorney General of the United States cannot render to the acquiring agency a written opinion as to the validity of the Government's title,

5. In any event it would appear that counsel for the respective parties must share the blame. Both counsel were willing to stipulate as to compensation for the taking, knowing that they were in disagreement as to the nature of the estate taken. Both were apparently willing to have a judgment entered without a trial in which this dispute could be resolved.

without noticing the very serious impediment on that title left undecided by the judgment.[6]

On the other hand, Tacoma has stipulated that $5,531.17 is full, just compensation for the taking, apparently in the belief that all that has been taken is an easement for a private road. If it is subsequently determined, in litigation involving the reserved issue, that the United States validly took an easement for a public road, it is not at all clear that the city would, at that late date, be entitled to additional compensation. Yet Tacoma asserts that the damages which it would sustain if the Government has taken an unlimited public access to the city's watershed, would be substantially in excess of the stipulated figure.[7]

■ But, apart from the question of whether one or both of the parties can "live" with a judgment which leaves this critical issue undecided, the Government is entitled to have the question adjudicated. Under 28 U.S.C. § 1358 (1958), the district court had original jurisdiction in this condemnation proceeding. It is the general rule, first announced in Cohens v. Virginia, 6 Wheat. 264, 19 U.S. 264 [120, 181], 5 L.Ed. 257, that a federal court may not decline the exercise of its jurisdiction.[8] It is true that the rule has been qualified in certain cases, as for example, in application of the doctrines of *forum non conveniens* (Burt v.

Isthmus Development Co., 5 Cir., 218 F. 2d 353, 356–357), or abstention, Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed. 2d 1058.[9] None of these exceptions, however, are applicable here.

■ The adjudication of this question, moreover, should begin in the district court even though it may involve some pure issues of law which could, in a proper setting, be decided by this court. Tacoma's position concerning the interest which the Government purported to take, and which the Government could validly take, has so far been expressed only in arguments made in the district court and this court. The city has not yet filed an answer, as it must do in order to raise an objection or present a defense to the taking of its property. See Rule 71A(e), Federal Rules of Civil Procedure. Failure to file an answer up to now may be excused because of the city's misapprehension as to what interest the Government seeks to take. But now that this is known, the orderly procedure is for Tacoma to file an answer, and for the issues thus drawn to be adjudicated on motion for judgment on the pleadings or for summary judgment, or after trial, whichever is appropriate under the circumstances.

■ The judgment is therefore reversed and the cause is remanded, with leave granted to Tacoma to file an answer

---

6. Where, as here, a declaration of taking was filed, money which has been appropriated for erecting public works or the land taken may be expended "notwithstanding the provisions of section 355 of the Revised Statutes" only after the Attorney General has rendered his opinion that "the title has been vested in the United States or all persons having an interest therein have been made parties to such proceeding and will be bound by the final judgment therein." Act of February 26, 1931, sec. 5, 46 Stat. 1422, 40 U.S.C. § 258e (1958).

7. As to this, Tacoma states in its brief on appeal:
   "Unlimited public access to the watershed on a public road developed by the United States and not necessary to this project could literally cost the City mil-

lions of dollars by requiring the construction and operation of a filtration treatment plant in lieu of the simple but effective chlorination purification system now used."

8. See County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188–189, 79 S.Ct. 1060, 3 L.Ed.2d 1163; United States v. Langendorf, 9 Cir., 322 F.2d 25, 27; Southern California Telephone Co. v. Hopkins, 9 Cir., 13 F.2d 814, 820, aff'd sub nom. Hopkins, Assessor v. Southern California Telephone Co., 275 U.S. 393, 48 S.Ct. 180, 72 L.Ed. 329.

9. Other exceptions are catalogued in County of Allegheny v. Frank Mashuda Co., supra, 360 U.S. at 189, 79 S.Ct. 1060, 3 L.Ed.2d 1163, and in Meredith v. Winter Haven, 320 U.S. 228, 235–236, 64 S.Ct. 7, 88 L.Ed. 9.

raising its objections or defenses to what the Government has done, or seeks to do. If the district court should decide, on the remand, that the United States has validly taken an easement for a public road, and such determination is not reversed on appeal, Tacoma would then be entitled to be relieved of its stipulation as to compensation, as having been entered into under a misunderstanding as to the interest being taken. This would re-open, for district court determination at the proper time, the issue of just compensation.