Mr. Justice Robb
delivered the opinion of the Court:
It is apparent from what has been said that the issue in. this case is sharply defined. The defendant, a public-service' corporation, is occupying in a lawful manner a right of way lawfully acquired. The location of this right of way was fixed1, by law, and Congress has failed to enact any legislation under which plaintiff is entitled to damages for the injury he has sustained. The question, therefore, is whether there has been a *292 taking of property within the meaning of the 5th Amendment of the Constitution.
The physical proportions of plaintiff’s premises have suffered no diminution on account of the acts forming the basis of this suit; in other words, the injury sustained is consequential, and not direct. The Supreme Court of the United States has had this question before it in numerous cases.
In Pumpelly v. Green Bay & M. Canal Co. 13 Wall. 166, 20 L. ed. 557, the question before the court was whether the permanent flooding of land by the erection of a dam authorized by law constituted a taking of private property for public use without just compensation, within the meaning of the Constitution of the State of Wisconsin. The court held that it did. In that case, it will be seen, there was an actual invasion of property, and the result of such invasion was, as the court found, a practical taking thereof.
Northern Transp. Co. v. Chicago, 99 U. S. 635, 25 L. ed. 336, was an action -against the city of Chicago to recover damages sustained by the company by reason of the construction by the city of a tunnel under the Chicago river. The company owned a lot abutting on this river, upon which it had erected a dock and warehouse. In building the tunnel, the city erected a coffer dam in front of plaintiff’s dock, which, for the time being, deprived plaintiff of the use of its dock. The court said: “A legislature may, and often does, authorize and even direct acts to be done which are harmful to individuals, and which, without the authority, would be nuisances; but in such a ease, if the statute be such as the legislature has power to pass, the acts are lawful, and are not nuisances, unless the power has been exceeded. In such grants of power a right to compensation for consequential injuries caused by the authorized erections may be given to those who suffer, but then the right is a creature of the statute. It has no existence without it.” It was held that there had been no taking of plaintiff’s property within the meaning of the Constitution of the State.
In Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 27 L. ed. 739, 2 Sup. Ct. Rep. 719, the railroad com *293 pany was authorized by law to enter the city of Washington with its railroad by one of two routes, and to construct all works which might “be necessary and expedient” in the proper completion and maintenance of its road. It selected the route along Virginia avenue in front of the church of the plaintiff, and erected upon a parcel of ground immediately adjoining an engine house and machine shop, where a large number of locomotive engines were housed and fired, and to and from which such engines were propelled, and in which they were repaired and otherwise used. This engine house contained sixteen smoke stacks, lower in height than the windows of the main room of the church. The services in the church were habitually interrupted and disturbed by the noises of the workshop and the smoke, cinders, and dust issuing therefrom. The entrance to the church was frequently obstructed by locomotives standing on the branch track which extended to the workshop and crossed the street in front of the church. The court found that this engine house and repair shop, as they were used, constituted a nuisance, for the maintenance of which the company was liable in damages to the plaintiff. Answering the claim of immunity advanced by the company, based upon the act of Congress, the court said: “In the first place, the authority of the company to construct such works as it might deem necessary and expedient for the completion and maintenance of its road did not authorize it to place them wherever it might think: proper in the city, without reference to the property and rights of others.” The court observed that undoubtedly Congress might authorize a railway over the public highways of the District, which, if used with reasonable care, and produced “only that incidental inconvenience which unavoidably follows the additional occupation of the streets,” might not be complained against by anyone; that the consequential annoyance which, would necessarily follow from the running of cars with reasonable care over such a road would be damnum absque injuria. The court found, however, that the case under consideration differed from the supposed case, and sustained the plaintiff’s right to recover. In that case, it will be observed, the railroad *294 company selected a route leading past a place of public worship. It then, as the court expressly found, needlessly erected and maintained at the very doors of the church an engine house and repair shop; in other words, its acts constituted an abuse of power, and hence became a nuisance. In the present case no claim is made that defendant’s tracks, tunnel, or trains were constructed or operated in a negligent manner.
In Marchant v. Pennsylvania R. Co. 153 U. S. 380, 38 L. ed. 751, 14 Sup. Ct. Rep. 894, we have a case almost identical in its essential facts with the present case, and yet the supreme court of Pennsylvania found that the injury suffered by the plaintiff was consequential, and did not constitute a taking, an injury, or a destruction of the plaintiff’s property, under the laws and Constitution of that State. While the precise question here involved was not passed upen by the Supreme Court of the United States, the court incidentally pointed out the difference between injuries resulting from the construction of a railroad on the street on which property abuts, and “the injuries consequential on the operation of the railroad as situated on the defendant’s own property.” The court said: “The two classes of complainants differed in the critical particular that one class suffered direct and immediate damage from the construction of the railroad in such a way as to exclude them from the use of their accustomed highway, and the other class suffered damages which were consequential on the use by the defendant company of their franchise on their own property.”
In United States v. Lynah, 188 U. S. 445, 47 L. ed. 539, 23 Sup. Ct. Rep. 349, the court found that there had been an actual appropriation and invasion of plaintiff’s land, as distinguished from consequential damage,, and hence that such land had been taken, within the meaning of the Constitution.
Dana v. Rock Creek R. Co. 7 App. D. C. 482, is not in point. That case is simply an affirmance of the proposition that the owner of land abutting on a public street has an easement of access over said street which may not be destroyed or impaired by a railway company or other corporation using *295 the street for its own purposes without compensation to such owner. The rule has its source in the trust upon which streets are held, which is that they shall be devoted to the use of public travel. When, therefore, they or a substantial part of them are attempted to be appropriated by a private transportation corporation to the injury of abutting owners, such use becomes a perversion of the street and imposes upon it an additional servitude. See: Muhlker v. New York & H. R. Co. 197 U. S. 544, 49 L. ed. 872, 25 Sup. Ct. Rep. 522; Sauer v. New York, 206 U. S. 536, 51 L. ed. 1176, 27 Sup. Ct. Rep. 686.
Nor is the ease of Academy of the Sacred Heart v. Philadelphia, B. & W. R. Co. 36 App. D. C. 372, like the present case in its facts. The evidence in that case tended to show an unreasonable and negligent use of its property by the railway company. Moreover, the question here under consideration was not there suggested or considered.
While some of the State decisions make no distinction between consequential injuries to property incident to the proper operation of a railroad and an actual invasion or physical taking of such property, the Supreme Court of the United States, as we read its decisions, has clearly made such a distinction. The cases in which this distinction has been made are cited in United States v. Grizzard, 219 U. S. 180, 55 L. ed. —, 31 Sup. Ct. Rep. 162, decided January 3, 1911, by the Supreme Court of the United States. Many of the States, appreciating the injustice liable to result from this rule, have amended their Constitutions so as to cover injuries thus sustained. We take the law in the present case, however, as we find it; and we see no escape from the conclusion that plaintiffs property has not been taken within the meaning of the Constitution.
The judgment is therefore affirmed, with costs. Affirmed.
A writ of error to the Supreme Court of the United States was allowed on application of the appellant.