## HUTCHERSON *v.* DISTRICT OF COLUMBIA.

MUNICIPAL CORPORATIONS; STREETS AND HIGHWAYS; CONSEQUENTIAL DAMAGES; CONSTITUTIONAL LAW.

1. A statute authorizing the municipal authorities to acquire land for an approach to a bridge imposes upon them no obligation to do so, which will avail an abutter who seeks damages resulting to his property from the raising of the grade of a street for the purpose.

2. Whatever injury results to corner property from the fact that an inclined approach to a bridge has been constructed in one of the streets, leaving a public thoroughfare 16 feet wide between the approach and the property, and leaving the cross street undisturbed, is purely consequential, and therefore is not a taking for which compensation must be made under the 5th Amendment to the Federal Constitution. (Citing *Richards* v. *Washington Terminal Co.* 37 App. D. C. 289.)

No. 2447. Submitted December 3, 1912. Decided January 6, 1913.

HEARING on appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia overruling a demurrer to defendants' special plea in an action to recover damages to property resulting from a change of grade.          *Affirmed.*

The Court in the opinion stated the facts as follows:

Appeal from a judgment for the defendants, the District of Columbia, Henry B. F. Macfarland, Henry L. West, and John M. Biddle, appellees here, in an action by the plaintiff, William A. Hutcherson, for consequential damages to his premises resulting from the change of grade of Eleventh street, S. W., in

this city, adjacent to plaintiff's premises, which change, it is alleged, impairs rights of ingress and egress, and of light and air. The hearing was upon the demurrer to defendants' special plea.

From the pleadings, the following facts appear: By the act of April 27, 1904 (33 Stat. at L. 372, chap. 1628), an appropriation was made "for the reconstruction of the Anacostia bridge, under direction of the commissioners of the District of Columbia." The act of March 3, 1905 (33 Stat. at L. 893, chap. 1406), increased the appropriation and provided further that the reconstruction might be "on the line of the existing bridge, or on such other line" as might be determined by the commissioners of the District of Columbia, and said commissioners were authorized to acquire, by purchase or condemnation, such land as might be "necessary to provide proper approaches for said bridge." This bridge was and is a public highway connecting Eleventh street and Nichols avenue. In reconstructing the bridge a slight change in its location was made and its height increased for reasons of a public nature. When reconstructed, however, it still connected the two streets above mentioned and was devoted to general public travel. Plaintiff's property is located at the southwest corner of Eleventh and O streets, contiguous to and abutting upon each of said streets. The approach to the reconstructed bridge on the Eleventh street side, being the northerly approach thereto, was reconstructed, to quote from the plea, as follows: "Upon a gradual incline or grade of 3 per cent, *commencing at O street, southeast,* and thence rising towards said bridge, and forming a part of the northerly approach thereto, and supported on the west side by a retaining wall sixteen (16) and six tenth (6/10) feet from the front of plaintiff's land as alleged in his declaration, and of a mean height of nine and eighty one-hundredths (9 80/100) feet above the grade then existing at and prior to said raising of grade, leaving in front of said property of plaintiff and next to said retaining wall, a roadway twelve (12) and four-tenth (4/10) feet in width, commencing at O street aforesaid and running thence southerly on a decline to a point on the west side of Eleventh

street aforesaid upon the grade there existing at and prior to the raising of the grade for the northerly approach aforesaid, which road affords ingress and egress to the public streets or highways located to the north and south of plaintiff's property, with a retaining wall on the west side of said roadway and a sidewalk four (4) and two-tenths (2/10) feet in width next to and in front of plaintiff's said property, between said property and said latter retaining wall, and extending southerly to and along the west side of Eleventh street aforesaid upon the grade there existing at and prior to the raising of the grade for the northerly approach, and connected in a northerly direction by means of a flight of steps leading upward at and to the public street or highway known as O street, southeast, aforesaid.".

*Mr. Lorenzo A. Bailey* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. P. H. Marshall,* Assistant Corporation Counsel, for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

The 1st and 2d assignments of error raise the question whether said acts of Congress authorized the raising of the grade of 11th street in the manner set forth in the declaration and plea. This question is easily determined, since the act of 1905 expressly authorized the commissioners to reconstruct the bridge on the then existing line, or on such other line as they might determine, and to provide proper approaches thereto. The provision authorizing the acquisition of such land as might be necessary to provide such approaches did not preclude the commissioners from using land already owned by the United States; in other words, it did not preclude them from using 11th street. The purpose of the bridge was for public travel, and that purpose could be subserved only by connecting the ends of the bridge with streets. If, in raising the grade at either end, more land was necessary, authority was granted the commissioners to ac-

quire it, but they were not obliged to do so unless they deemed it necessary.

The other assignments of error raise the question whether there has been a taking of private property for public use without compensation. There has been no taking of appellant's property within the meaning of the 5th Amendment to the Constitution. *Richards* v. *Washington Terminal Co.* 37 App. D. C. 289; *Sauer* v. *New York,* 206 U. S. 536, 51 L. ed. 1176, 27 Sup. Ct. Rep. 686; *United States* v. *Grizzard,* 219 U. S. 180, 55 L. ed. 165, 31 L.R.A.(N.S.) 1135, 31 Sup. Ct. Rep. 162. In the *Richard's Case* the action was against a railroad company for consequential damages occasioned by the occupation of a right of way and the operation of trains, without negligence. The cases here relied upon by appellant were reviewed in that decision, and the following conclusion was reached: "While some of the State decisions make no distinction between consequential injuries to property incident to the proper operation of a railroad and an actual invasion or physical taking of such property, the Supreme Court of the United States, as we read its decisions, has clearly made such a distinction. * * * Many of the States, appreciating the injustice liable to result from this rule, have amended their Constitutions so as to cover injuries thus sustained. We take the law in the present case, however, as we find it; and we see no escape from the conclusion that plaintiff's property has not been taken within the meaning of the Constitution." In the present case, there is no claim of negligence, nor is there any contention of an actual invasion of appellant's land. The grade of O street has not been changed, the plea reciting that the grade for the approach to the bridge commences at the junction of O and 11th streets. Between the 50 feet of appellant's property facing on 11th street and the retaining wall in that street is a roadway and a sidewalk. It is thus apparent that in front of appellant's property is a means of ingress and egress. On the northerly side of said property is O street, which is in the same condition as before the reconstruction of said bridge. Appellant complains, therefore, because 11th street has been raised opposite his premises,

at a distance therefrom of over 16 feet, notwithstanding that he has practically the same accommodations as heretofore. It is apparent without further argument, we think, that the injuries complained of are purely consequential. A different case would have been presented had the location of appellant's property been such that the erection of this retaining wall isolated it and prevented its further use. The suggested question is not before us. Judgment must be affirmed, with costs.        *Affirmed.*