Booth, Judge,
delivered the opinion of the court:
This case involves the fixing of values. The Government requisitioned the gravel, and an attempt to fix just compensation therefor by the parties failed. The quantity of gravel taken is definitely established; the Government conceded it in the offer of settlement. The record concerning the market value of gravel at the time is conflicting. The Government seeks a ridiculously low figure and the plaintiff’s evidence is more reliable. We think the record clearly sustains a price of 25 cents per cubic yard. The most difficult fact to reconcile is the damage resulting to the tract by reason of the taking. The Government’s officers left on the premises an excavation of considerable depth and width, a pit which beyond doubt seriously impaired the tract for residential or any other purposes. The tract was suitable for residential purposes and readily susceptible of being platted into town lots. The location of the land and its proximity to the towns of Quincy and Squantum and its commanding view of the bay made it available for first-class homes. The boulevard beside which at least eleven hundred feet of the tract abutted was improved, and transportation facilities were at hand and convenient. Considering what had to be done to render the tract marketable for residential purposes, and allowing for its availability for the purpose (United States v. Grizzard, 219 U. S. 180; Archer v. United States, 47 C. Cls. 248) we think a judgment of $9,500 would cover the loss. Judgment will be awarded the plaintiffs for $14,330.50, with interest on $11,480.50 at the statutory rate prevailing in Massachusetts from date of taking, December 11, 1917, to date of judgment. The plaintiffs were awarded $3,800 as just compensation. Three-fourths of this amount, $2,850, could have *980 been accepted without prejudice to a right to sue for the amount demanded in this suit. Having failed to avail themselves of this privilege and accepted the amount, interest on the said $2,850 will not be allowed. Sanford & Brooks Co., 267 U. S. 455; Liggett & Myers Tobacco Co., ante, p. 693.
It is so ordered.
Graham, Judge; Hay, Judge; Downey, Judge; and Campbell, Chief Justice, concur.