Moss, Judge,
delivered the opinion of the court:
Under the provisions of an act of Congress of July 1, 1918, 40 Stat. 704, 722, the President of the United States, by proclamation dated August 7, 1918, took title to and authorized the Secretary of the Navy to take possession of a certain tract of land in York County, Virginia, containing 11,433 acres, with all riparian rights, privileges, easements, and other rights for the purpose of establishing a naval mine depot. As a part of and in connection with the use of said naval mine depot a railroad was constructed from the main line of the Chesapeake & Ohio Kailroad into the naval mine depot over the lands of plaintiffs’ 170-acre tract, consisting of 3.28 acres of land. The railroad and right of way separated from the larger body of land a small triangular area containing 4.1 acres situated on the County Eoad.
Under the provisions of said proclamation plaintiffs presented to the Board of Valuation of Commandeered Property of the Navy Department a claim for just compensation, and was awarded the sum of $330, which plaintiffs declined to accept. Plaintiffs also elected not to avail themselves of the right to receive 75 per centum thereof. This suit is for the recovery of $3,500, $1,000 of which plaintiffs claim as just compensation for the land actually taken, and $2,500 is for consequential damages to the remainder of the tract. While defendant directs the attention of the court to the case of Transportation Company v. Chicago, 99 U. S. 640, as authority for the denial of plaintiffs’ right to recover consequential damages to the remainder of the tract resulting from the actual taking of a portion thereof, the court is of the opinion that such damage constitutes a proper element in determining just compensation in this case. United States v. Grizzard, 219 U. S. 180, 183; United States v. Welch, 217 U. S. 333, 339; Campbell v. United States, 266 U. S. 368, 369; see also Sharp v. United States, 191 U. S. 341.
The court has found the value of the 3.28 acres of land taken for the right of way to be $330 as of the date of Sep *142 tember 7, 1918. Incident to the taking of the strip for the railroad right of way plaintiffs are entitled to recover for the damage to the triangular area of 4.1 acres. The court has found.such damage to be $150. The evidence is not sufficient to justify a recovery for damage to the main body of the land. Having declined to accept the award, plaintiffs are not entitled to recover interest on $247.50 of the judgment herein. Pope v. United States, 61 C. Cls. 974.
Geai-iam, Judge/ Booth, Judge; and Campbell, OMef Justice, concur.