Moss, Judge,
delivered the opinion of the court:
Under the authority of an act of Congress of July 1, 1918, 40 Stat. 704, the President of the United States, by proclamation, took over a tract of land in York County, Virginia, consisting of 11,433 acres, for the purpose of establishing a Navy mine depot. Included within the metes and bounds of the area taken was a tract of land belonging to plaintiff known as “ Sandy Point,” containing 267.85 acres. Plaintiff was also the owner of a seven-eighths undivided interest in a 45-acre tract of land known as the “ Seaborn Tract,” situated three miles from the first-named tract, which was likewise taken. The Government also took a right of way over an adjoining tract belonging to plaintiff, consisting of 2.17 acres for use in' the construction of a railroad to the naval mine base. All said property was taken under the authority of said proclamation on the 8th day of September, 1918. Plaintiff presented to the proper Navy board a claim for compensation for the property taken, and was awarded $19,635 for the Sandy Point Tract and $3,200 for plaintiff’s interest in the Seaborn Tract and the 2.17 acres taken for the right of way. Plaintiff declined to accept either the full award or 75 per centum thereof.
In this action, which is brought for the recovery of just compensation, plaintiff is claiming $90,000 for the Sandy Point Tract, and $8,700 for the undivided interest in the Seaborn Tract and the 2.17 acres taken for the right of way.
The evidence as to value as applied to the Sandy Point land is based on problematical future development under a plan formulated by plaintiff for the building of bridges and roads, and a subsequent subdivision of portions of the land, *189 and the sale of same in building lots for residential purposes, and small parcels for truck gardening. Plaintiff was interested in securing the enactment by the General Assembly of Virginia of a measure authorizing plaintiff and others to build bridges over certain streams in the. neighborhood of plaintiff’s land. No steps, however, had been taken to develop the plan mentioned, although plaintiff had owned the property since 1906, and the act providing for the building of bridges and roads had been approved in March, 1916, more than two years prior to the taking. Without questioning the integrity of plaintiff’s intention with reference to the development of this land, the court can not accept the values shown in the evidence as representing the fair market value at the time of the taking. It is also contended in plaintiff’s brief that this property has a historic value, which should be considered in arriving at just compensation. The court is unable to agree with this theory. The Sandy Point farm, as well as the other land involved, is a short distance from Yorktown, to which certain historical associations undoubtedly attach, but the farm itself is endowed with no special feature of interest, historical or otherwise. The land is poor and unproductive, and the farming operations since plaintiff has owned same have been of inconsiderable importance and covered only a short period of time. The residence, known in the neighborhood as the “ Digges Mansion,” at the time of the taking, and for many years prior thereto, was in a dilapidated state and was occupied by a negro tenant who cultivated some of the land. Mere antiquity is not sufficient to entitle this farm to the distinction claimed by plaintiff. Plaintiff is entitled to the fair market value at the time of the taking, under conditions then existing.
The court has reached the conclusion that $35,000 for the Sandy Point Tract, and $4,000 for the seven-eighths interest in the Seaborn Tract, and the 2.11 acres taken for the right of way, represent the fair and reasonable market value of plaintiff’s land on September 8, 1918. Plaintiff is entitled to recover that amount, less $16,681.88 paid; and it is so ordered.
Under the rule announced in the case of Pope v. United States, 61 C. Cls. 974, plaintiff can not recover interest for *190 the period between the date of the award and November 5, 1925. See Finding VI.
Judgment for plaintiff. It is so ordered.
Gkaham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.