Whitaker, Judge,
delivered the opinion of the court:
The above cases present the same issues and were argued together. They are consolidated for the purpose of this opinion.
Plaintiffs sue for damages incident to the condemnation of land in the city of Newark, New Jersey, each of them owning a leasehold interest on parts thereof. On the part leased by the Dominion Smelting & Refining Corporation it had constructed a plant and had equipped it with machinery for the smelting and refining of lead. Plaintiff Seaboard Storage Corporation had a lease on two warehouses known as Warehouse No. 2 and Warehouse No. 3. Warehouse No. 3 was located on a part of the property condemned.
*282 In each case the defendant has filed a plea of a prior suit pending and a plea to the jurisdiction of the court.
The petition in the Dominion Smelting & Refining Corporation case alleges that on February 4, 1942, the office of the Supervisor of Shipbuilding, United States Navy, New York City, wrote plaintiff confirming a conversation held on February 2, 1942, in which plaintiff was informed that the Navy intended to take possession of the property on which its plant was located, and that it would be necessary for plaintiff to completely vacate the premises by February 14, 1942. Plaintiff vacated the premises, as requested, add the defendant took possession on February 15, 1942.
The petition in the Seaboard Storage Corporation case alleges that the Supervisor of Shipbuilding, United States Navy, New York City, wrote it on February 3,1942, confirming a conversation also held on February 2,1942, in which it was informed that the Navy intended to take possession of its warehouse No. 3, and requesting it to vacate it by February 16,1942. Plaintiff did as it was requested to do, and the defendant took possession on February 16,1942.
Following this, on March 3,1942, a petition for condemnation of the land on which plaintiffs’ plant and warehouse were situated was commenced in the United States District Court for the District of New Jersey. Both plaintiffs were made parties thereto. On the same date there was filed a declaration of the taking of these lands and there was deposited in the Registry of the Court the sum of $675,000, which it was estimated was just compensation for the lands taken, to be distributed among the parties entitled thereto.
On March 16,1942, an order was entered in the condemnation proceedings adjudging that the United States was entitled to take the property and vesting the title thereto in the United States, and it was further ordered that the amount deposited in the Registry of the Court should be held subject to the further orders of the court.
The petition in condemnation recited that it was filed pursuant to the Acts of July 29, 1941 (55 Stat. c. 328, 608), August 25,1941 (55 Stat. c. 409, 669, 680), August 1,1888 (25 Stat. 357), and February 26,1931 (46 Stat. 1421). The first mentioned Act appropriates certain money for naval instal *283 lations, and in section 2 grants authority for the acquisition of such lands and machinery and equipment as the Secretary of the Navy should determine best suited to the purpose. The Act of August 25,1941, appropriated additional money for this purpose, and the Act of August 1,1888, provided for condemnation of land by suit hi a United States Circuit or District Court of the District in which the real estate was situated. The Act of February 26, 1931, provided for the filing of a declaration of taking.
Under these Acts the only court in which condemnation proceedings could have been brought was in the court in which they were brought, to wit, the District Court for the District of New Jersey. That court has full jurisdiction to render a judgment for just compensation for the property taken, and to distribute the proceeds of that judgment among the various persons having an interest in that property in accordance with their respective interests. Plaintiffs in that suit can assert every right they have for just compensation for the taking of their interest in the property.
Just compensation includes not only the value of the various interests in the lands taken, but also every other element which goes to make up just compensation. For instance, if only a portion of a plaintiff’s land has been taken, the plaintiff may recover whatever diminution in value has been suffered by the remainder as a result of the taking of a part. Bauman v. Ross, 167 U. S. 548, 574; United States v. Grizzard, 219 U. S. 180. The value of buildings on the land taken may ordinarily be recovered. Lewis on Eminent Domain, Volume 2, Third Edition, sec. 726, p. 1269. The special value of the land, due to its adaptability for use in a particular business, must also be taken into consideration in determining just compensation. Joslin Co. v. Providence, 262 U. S. 668, 675; Mitchell v. United States, 267 U. S. 341. Some courts hold that the cost of removal of personal property from the land taken may be recovered, Lewis on Eminent Domain, Volume 2, Third Edition, p. 1274; General Motors Corp. v. United States, 140 F. (2d) 873; Des Moines Wet Wash Laundry v. Des Moines, 197 Iowa, 1082, although the weight of authority is to the contrary; Joslin Co. v. Providence, supra; Lewis on Eminent Domain, Volume 2, Third *284 Edition, sec. 728, p. 1276. See discussion of this question in the June 1944 issue of the North Carolina Law Review, Vol. 22, No. 4, pp. 325-833. Other damages may also be taken into consideration in fixing just compensation. Shoemaker v. United States, 147 U. S. 282, 321. But it is generally held that damage to one’s business is not an element of just compensation. Joslin Co. v. Providence, supra; Mitchell v. United States, supra.
It is not our function, however, to determine in this suit what damages plaintiffs are entitled to> recover. Whatever they are entitled to recover, they can recover only because they are a part of the just compensation required by the Constitution to be paid for the taking of their property for public use. Transportation Co. v. Chicago, 99 U. S. 635; Gibson v. United States, 166 U. S. 269; Joslin Co. v. Providence, supra; Mitchell v. United States, supra; Sharp v. United States, 191 U. S. 341; United States v. Grizzard, supra. By the Act of August 1,1888, supra, jurisdiction to determine this question is vested exclusively in the District Court in which the condemnation proceedings are filed.
This court has jurisdiction to award judgment for just compensation for property taken and damages incident to the taking only where the property has been taken without the institution of condemnation proceeedings. Condemnation proceedings have been instituted in these cases. The court in which they were instituted has exclusive jurisdiction.
For the reasons stated, the defendant’s pleas will be sustained and plaintiffs’ petitions dismissed. It is so ordered.
Madden, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.